AO 472  (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

FADI ISHAK

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number:  09-30450-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

This is a presumption case. Defendant is before the court on a criminal complaint which charges him with conspiracy to deliver 39.9 kilograms of MDMA (150,000 ecstasy units). If convicted he faces a 20 year statutory maximum and 188 - 235 months incarceration. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 5, 2009 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V ISHAK   09-30450-2                                                                                      PAGE 2

Defendant is a 27 year old resident of Brampton, Canada who entered Canada from Iraq in 2001. In 2005 he became a Canadian citizen.  Defendant is an unemployed construction worker in Canada with no financial assets or liabilities and he lives with his parents. He admits to minimal ties with an uncle and cousin who live in the Sterling Heights area, but he could provide no contact information.  His uncle appeared in court and offered to allow the defendant to reside at his home if he were to be released on bond with a tether.  The uncle confirmed that he has had very little contact with the defendant and last saw him more than a year ago. Defendant also has an 85 year old grandmother in the area who speaks no English, but he has minimal contact with her as well.

Defendant's criminal check revealed no criminal contacts in Michigan or Canada.

Defendant was found at a truck stop in his co-defendant's brother's (Genen Yusuf) vehicle, a black Toyota,  having just accepted delivery of the 39.9 kilos of MDMA inside the car.  Genen Yusuf lives in Sterling Heights and loaned defendants his cars, a black Toyota and a white Hummer, which were used in the drug transaction.  Defendant admits to having engaged in a previous drug delivery transaction three weeks ago as he was desperate for money.

Defendant asks that he be allowed to reside with his uncle, Mr. Narso, and his wife and three children ages 8, 12 and 13  in their home in Troy. His uncle appeared in court and agreed to act as the third party custodian.  Mr. Narso is an employee of Motor City Casino and works full time as a dealer.

The court is troubled by many factors in this matter.  First of all, the defendant has very minimal, at best, contacts in this district.  He has rarely interacted with his family members here.  To state it otherwise, he has very weak family ties to the district. His uncle, although he is willing to step up for his nephew, would not be a proper choice as a third party custodian because his relationship with the defendant is admittedly tangential.  Defendant clearly has no social or financial ties to this area.  He is a resident of Brampton, Ontario where he is an unemployed Canadian citizen.

Secondly, this is a presumption case.  The case seems strong on its face and the penalties are severe.  The presumption has not been rebutted by the fact that defendant has distant relatives in the geographical area or any other factors presented to the court.

Thirdly, if this defendant were to decide to flee to Canada, it would take years to invoke the extradition process in an effort to bring him back to face charges.  Defendant is heavily incented to flee to Canada, given the gravity of the charges and the severity of the potential penalties.

Despite the absence of past criminal activity, this defendant is viewed as a risk of flight and also as a danger to the community, given the amount of drugs involved.  Third party custody to a relative in this district with whom defendant has had very little contact with over the years is inappropriate. Under the circumstances, defendant has a significant incentive to flee the district

and a tether would not altogether prevent flight.  There are no conditions of bond that would guarantee defendant's appearance in court and therefore Detention is Ordered.